# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| MERCHANT IVORY PRODUCTIONS (USA), INC. and JAMES IVORY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. CV414-240 |
| JOHN GILBERT DONALDSON, JR. a/k/a GIL DONALDSON, | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

Plaintiffs Merchant Ivory Productions ("Merchant") and James Ivory sued defendant John Gilbert Donaldson, a former director of Merchant, for a variety of fraud-related claims related to his sale of a Paris, France apartment on Merchant's behalf. Doc. 1. After Donaldson answered, plaintiffs served discovery but received no response. They thus move to compel.[1] Doc. 25. Upon review, the Court finds the motion

---

[1] Plaintiffs also "move for an order extending Local Rule 7.1's page limitation," pointing out that their compel motion's brief only exceeds that limit because it complies with Rule 26.5's requirement that "every discovery request at issue be quoted verbatim." Doc. 25 at 1. That motion is **GRANTED** and plaintiffs' brief is accepted in full.

supported and the discovery (*e.g.*, interrogatories and requests for production seeking banking information and financial records of the transactions underlying plaintiffs' claims, doc. 25 at 8-34) relevant and appropriate.

Donaldson, however, also failed to respond to the motion. *See* doc. 25 ("Responses due by 2/8/2016"). Because it is supported and unopposed per Local Rule 7.5 (no response means no opposition), defendants' motion to compel is **GRANTED**. Doc. 25. Donaldson must respond to plaintiffs' written discovery requests, and provide a date for his deposition, within twenty-one days after the date this Order is served.

Defendant's intransigence in responding to legitimate discovery requests has also caused the discovery period to expire. *See* doc. 24 at 1 (discover due by January 28, 2016). Hence, plaintiffs request a sixty day extension beyond the twenty-one days the Court has given Donaldson to respond to their discovery requests. Doc. 25 at 35. That request is **GRANTED**.

Plaintiffs do not seek Rule 37 sanctions for Donaldson's failure to respond (they do expressly ask for fees and expenses for "future

discovery transgressions, doc. 25 at 36). Payment of expenses (including attorney's fees), however, typically is mandatory when, "after giving an opportunity to be heard," courts grant motions to compel. Fed. R. Civ. P. 37(a)(5)(A). Only if (1) "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;" (2) the failure to respond was justified; or (3) "other circumstances make an award of expenses unjust, may a court decline to award expenses to a prevailing party. *Id.*

None of those exceptions apply here and Donaldson had his chance to be heard. Consequently, the Court **ORDERS** that he pay plaintiffs' "reasonable expenses incurred in making" their motion to compel, "including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiffs must submit an itemized list of expenses and fees within fourteen days of the date this Order is served so the Court can evaluate their reasonableness and issue an expense award.[2]

---

[2] Upon motion, courts can levy sanctions beyond fees and expenses against parties who, "after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fail[] to serve . . . answers, objections, or written responses." Fed. R. Civ. P. 37(d)(1). Those sanctions can include "rendering a default judgment against the disobedient party." *Id.* at (d)(3) & (b)(2)(A)(vi); *United States v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) ("Rule 37(d) deals with sanctions used when a party fails to cooperate in discovery and "allows the court to strike out pleadings and render

3

To summarize: plaintiffs' motions to compel (doc. 25), to exceed page limits, and to extend discovery are **GRANTED**. Donaldson has 21 days from the date this Order is served to respond to *all* of plaintiffs' discovery requests and provide a date for his deposition. He also must pay plaintiffs' reasonable motion to compel expenses. Plaintiffs must submit an itemized list of expenses, including attorney's fees, within 14 days from the date this Order is served. Donaldson will then have 10 days thereafter to contest plaintiffs' itemization.

**SO ORDERED,** this  18th  day of February, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

default judgment against the disobedient party."). If Donaldson fails to comply with this Order and that noncompliance "is due to willful or bad faith disregard" for this Court's authority, *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986), the undersigned will not hesitate to recommend the ultimate sanction if plaintiffs' so move. *Cf. Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (affirming this Court's imposition of a default judgment and other sanctions on a willfully disobedient defendant).