# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MERCHANT IVORY PRODUCTIONS, (USA), INC. and JAMES IVORY | ) ) ) ) | CV 414-240 |
| v. | ) ) | |
| JOHN GILBERT DONALDSON, JR. | ) | |



## ORDER STRIKING ANSWER AND DIRECTING CLERK TO ENTER DEFAULT

The Defendant was given ample time and opportunity to comply with multiple Orders of this Court. He has, nevertheless, elected to abandon any pretense of participation in the case. Indeed, he failed to attend the hearing on Default despite multiple notices. Worse still, he has ignored two Court Orders. First, he was Ordered, on February 18, 2016 to respond to discovery requests and provide deposition dates within 14 days of the Order (Dkt. 26). He ignored that Order, even though it came with the warning that failure to comply could result in having his answer stricken and default judgment entered against him (Id. at fn. 2). Second, he was Ordered, on March 30, 2016 to pay Plaintiffs $2,480.23 in fees and expenses within 21 days. (Dkt. 30). Once again, he ignored that Order. Defendant was given the opportunity this morning to explain his conduct and oppose the requested default. He did what has become his habit: nothing.

Accordingly, the Court finds Donaldson in willful disregard of multiple Orders of the Court. Pursuant to Rule 37 (b)(2)(A) his Answer is hereby stricken and the Clerk is Ordered to enter default. True, the Court reserves entries of default for the most severe of violations. Just as true Defendant's conduct—or lack thereof—fits that bill.

Plaintiffs' written submission served on Defendant and their presentation at the hearing proves clear justification for entry of default judgment in the amount of $401,965.91 in addition to the $2,480.23 Defendant was previously Ordered to pay. Plaintiffs' well-pleaded allegations of fact in the Complaint are more than sufficient to establish a breach of fiduciary duty, and damages for that breach in the requested amount of $401,965.91 are clearly documented. So too, jurisdiction has been established. In a September 1, 2015 Order, the Court set forth the complete facts and law establishing both subject matter and personal jurisdiction in the present case (Dkt. 21).

Plaintiffs seek attorney's fees and costs as well. Plaintiffs shall have 14 days from the date of this Order to provide complete documentation supporting any requested fees and costs. Defendant shall have 10 days from the filing of Plaintiffs' fees and costs submission to file any opposition thereto.

The Court will consider all filings and enter a Default Judgment in the appropriate amount.

So ORDERED, this 12 day of August, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA