# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

MERCHANT IVORY PRODUCTIONS
(USA), INC. and JAMES IVORY,

    Plaintiffs,

v.

JOHN GILBERT DONALDSON, JR.,
a/k/a GIL DONALDSON,

    Defendant.

No. 4:14-CV-240

## ORDER

Before the Court is Plaintiffs Merchant Ivory Productions (USA), Inc. ("MIP USA") and James Ivory's Motion Request for Fees in Connection with the Court's Order Granting Plaintiffs' Motion for Entry of Default, dkt. no. 38. Defendant John Gilbert Donaldson, Jr. has been in default since August 12, 2016, and did not respond to the Motion. See Dkt. No. 37. The Motion is ripe for resolution. For the reasons stated below, it is **GRANTED**.

## BACKGROUND

**Plaintiffs Sold Properties Managed by Donaldson[1]**

---

[1] Donaldson's default acts as an admission of Plaintiff's complaint's well-pled factual allegations, along with fair inferences and factual conclusions derived therefrom. See, e.g., Bridges v. Wooten, 700 S.E.2d

AO 72A
(Rev. 8/82)

Ivory owns MIP USA, as well as Merchant Ivory Productions (UK) Ltd. Dkt. No. 1 ¶¶ 9, 12. In turn, these two companies own Merchant Ivory Productions S.a.r.L. ("MIP France"); therefore, Ivory owns MIP France. Id. ¶¶ 1, 10-12. Ivory's companies produce films, including classics such as <u>A Room With a View</u> and <u>Quartet</u>. Id. ¶ 13.

Donaldson was an MIP France director between at least 2008 and 2013, and a signatory to its bank account. Id. ¶ 14, 29. He managed MIP France's Paris office and apartment. Id. ¶ 15. MIP France decided to sell these between late 2008 and early 2009. Id. ¶ 19. Donaldson "was responsible for showing the apartment to brokers and coordinating any prospective sale." Id. MIP France contracted to sell the apartment for $3,886,000 in March 2010. Id. ¶ 21. It contracted to sell the office for $472,600 on May 20, 2009. Id. ¶ 20.

**Donaldson Misappropriated Sales Proceeds**

Most of the sales proceeds went to creditors, but $650,980.05 was missing. Id. ¶¶ 22-23. MIP USA sought a full accounting from Donaldson, and he promised to provide one, along with financial records. Id. ¶¶ 24-25. Donaldson did not do so, but instead told Ivory (without any documentary support) that the money was taken by the French government.

678, 683 (Ga. Ct. App. 2010).

2

Id. ¶ 26. Donaldson next claimed that bank statements never came, before ultimately going incommunicado. Id. ¶ 27.

Eventually, using Parisian counsel, MIP France tracked down copies of its monthly bank statements and canceled checks, which showed that Donaldson misappropriated at least $260,889.89. Id. ¶¶ 30-33. Another $529,015.22 had been sent to unknown parties through wire transfers and by check. Id. ¶ 34. MIP USA sent Donaldson a formal demand letter, but Donaldson remained silent. Id. ¶ 36.

**Plaintiffs Sue and Donaldson Disappears**

Plaintiffs filed suit on November 6, 2014, alleging breach of fiduciary duty, misappropriation of corporate assets, and negligence in management (a French law claim), and seeking accounting. See generally id. Donaldson moved to dismiss on January 21, 2015. Dkt. No. 10. He "[made] absolutely no argument" supporting his claim that this Court lacked subject-matter jurisdiction. Dkt. No. 21 at 5. The motion was denied on September 1, 2015. See generally id.

Donaldson answered the complaint on September 10, 2015. Dkt. No. 22. Then, Plaintiffs served discovery, but Donaldson did not respond. Dkt. No. 26 at 1. On February 18, 2016, the Court compelled him to do so and to give a date for his deposition. Id. at 2. It ordered him to pay attorneys' fees on the motion to compel. Id. at 3. It gave Donaldson ten

AO 72A
(Rev. 8/82)

days to contest Plaintiffs' itemized expenses. Id. at 4. Donaldson never complied. Dkt. No. 32-2 ¶ 20.

Donaldson's attorney withdrew as counsel on March 1, 2016. Dkt. No. 28. On June 13, 2016, Plaintiffs moved for default judgment. Dkt. No. 32. On June 20, 2016, the Court noticed Donaldson as to the default judgment hearing. Dkt. No. 33. Plaintiffs moved for entry of default on August 12, 2016, the same day that the Court held the hearing. Dkt. No. 34-35. The Court found that Donaldson had notice and did not appear, and that he had not participated in the case since his attorney's withdrawal. Dkt. No. 35 at 1; see also Dkt. No. 36 at 1. It entered default judgment in Plaintiffs' favor. Dkt. No. 37. Plaintiffs sought attorneys' fees in their complaint. Dkt. No. 1 ¶ 46. They have now filed a motion to recover these fees. Dkt. No. 38.

## LEGAL STANDARD

"[A]n award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees." S. Cellular Telecom v. Banks, 433 S.E.2d 606, 608 (Ga. Ct. App. 1993). The party seeking fees bears the burden of proving costs and their reasonableness. Boomershine Pontiac-GMC Truck, Inc. v. Snapp, 503 S.E.2d 90, 92 (Ga. Ct. App. 1998). Awards "must be apportioned to those attorney fees attributable to claims on

4

which the plaintiff prevailed." Monterrey Mex. Restaurant of Wise v. Leon, 638 S.E.2d 879, 892 (Ga. Ct. App. 2006).

DISCUSSION[23]

Plaintiffs, who prevailed on all claims, are entitled to attorneys' fees and have adequately documented them. A plaintiff is entitled to attorneys' fees "if the defendant acted in bad faith in the transaction out of which the cause of action arose." Nat'l Serv. Indus., Inc. v. Hartford Acc. & Indem. Co., 661 F.2d 458, 463 (5th Cir. Unit B 1981); see also O.C.G.A. § 13-6-11. Bad faith encompasses all intentional torts. Bo Phillips Co. v. R.L. King Props., LLC, 783 S.E.2d 445, 452 (Ga. Ct. App. 2015). This sort of bad faith stars in the present case: Donaldson stole from Plaintiffs, lied to

---

[2] Donaldson did not contest Plaintiffs' assumption that Georgia law governs the resolution of this motion for attorneys' fees; thus, the Court will apply Georgia law. Giovanno v. Fabec, 804 F.3d 1361, 1367 n.7 (11th Cir. 2015) (per curiam).

[3] Plaintiffs request a hearing on the present motion. Dkt. No. 38 at 8. Georgia normally requires one before attorneys' fees may be granted. See, e.g., Rice v. Grubbs, 641 S.E.2d 514, 515 (Ga. 2007). However, precedent on point features non-movants who contested default judgment. See Giovanno v. Fabec, 804 F.3d 1361, 1364 (11th Cir. 2015) (per curiam); Oden v. Legacy Ford-Mercury, Inc., 476 S.E.2d 43, 44 (Ga. Ct. App. 1996). Here, by contrast, Donaldson has been silent as to default judgment despite being noticed. This Court's order directing entry of default, dkt. no. 36, was mailed to him. It explicitly advised him that Plaintiffs sought attorneys' fees, and gave him a deadline "to file any opposition thereto." Id. at 2. Donaldson still has yet to surface. He had an "opportunity to confront and challenge" Plaintiffs' evidence, but the Court cannot make him take it. Rice, 641 S.E.2d at 515. The Court finds that holding a hearing would be an exercise in futility, one that Georgia law would not impose upon the Court or Plaintiffs. Cf. ASAP Healthcare Network, Inc. v. Sw. Hosp. & Med. Ctr., Inc., 606 S.E.2d 98, 100 (Ga. Ct. App. 2004) (considering dismissal under O.C.G.A. § 9-11-37: "[A] trial court may impose sanctions . . . without a hearing when the [party] has completely ignored discovery, has not responded to a properly served motion for sanctions, and has failed to request a hearing on the motion . . . ."). Plaintiffs' request for a hearing is thus **DENIED**.

5

them, and then played hide-and-seek before and during litigation. Thus, Plaintiffs are entitled to attorneys' fees.

Plaintiffs have provided adequate "evidence of the reasonable value" of their legal costs, and those costs' reasonableness. S. Cellular Telecom, 433 S.E.2d at 608. Plaintiffs filed legal bills from their New York City counsel, plus a bill summary from their Georgia counsel. Dkt. Nos. 38-2, 38-3, 38-4. These contain only costs relating to the present matter and are itemized by tenth-hour, and so adequately document costs. See generally id.; Oden v. Legacy Ford-Mercury, Inc., 476 S.E.2d 43, 45 (Ga. Ct. App. 1996) (recommending filing of "billing and other business records").

Furthermore, the expenses are reasonable. Time amounts are appropriate to the given task. Plaintiffs' New York counsel testified that he and his colleague's rates were below area ones. Dkt. No. 38-1 ¶¶ 7, 15. Georgia counsel testified similarly regarding its rates. Dkt. No. 38-4 ¶ 8. This testimony is adequate to establish the costs' reasonableness. See Fowler's Holdings, LLLP v. CLP Family Invs., L.P., 732 S.E.2d 777, 779-80 (Ga. Ct. App. 2012) (accepting counsels' testimony that fees were locally reasonable).

## CONCLUSION

For the reasons given above, Plaintiffs' motion for attorneys' fees, dkt. no. 38, is **GRANTED**. Plaintiffs may

AO 72A
(Rev. 8/82)

recover **$47,372.85** in attorneys' fees. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Donaldson.

**SO ORDERED**, this 10th day of January, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)